Dear Mr. Frazier:
Our office has received your request for an opinion regarding the rental of the Caldwell Parish School Board football stadium for an after school hours religious function. The school board has a current policy which allows for the rental of the stadium for $150.00 per day when the stadium is not being used for a school or school related function. The religious organization has agreed to pay this set rental fee if permitted to use the facility. Although the Board does not want to treat the religious organization any differently than they would a secular organization they are concerned that renting the stadium to a religious organization might pose a legal problem.
La.R.S. 17:87.6 provides that any School Board may "sell, lease or otherwise dispose of, at public or private sale, for cash or on terms of credit, any school site, building, facility or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdictions." However, because the facility is not being contracted for the exclusive use of any one person or entity and is short-term, the arrangement proposed by the school board is not a lease as that term is used in La.R.S. 17:87.6. There are no statutes that address this type of arrangement and there are no statutes that prohibit the school board from entering into such an arrangement with a religious organization. This result is consistent with previous opinions issued by our office.
In Attorney General Opinion No. 00-340, we opined that the City of Covington may contract for the non-exclusive use of city owned property to a church. The city had acquired property that it used as a multi-purpose/multi-agency community center and wished to lease a portion of the building to First Baptist Church of Covington for Wednesday evenings and Sunday church services. Although La.R.S. 33:4712(A) addressed the authority of a municipality to sell, exchange, or lease property which it owns our office opined that such a short-term, non-exclusive arrangement was not a lease as contemplated by the statute. However, in approving the short-term use of the city-owned facility to the church our office recommended that the city adopt a standard rental agreement and fee schedule to be applied uniformly to all applicants who wished to use the facility and the city not deny anyone the use of the facility because of his or her religious affiliation.
It is therefore the opinion of this office that the Caldwell Parish School Board may rent the football stadium during after-school hours to a religious organization. The board has already adopted a policy that sets forth a fee schedule for any organization wishing to rent the stadium and has expressed a commitment not to treat religious organizations any differently than any secular organization. As such we have no further suggestions for the board in considering applications for the use of the stadium.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ RICHARD L. McGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Released: October 8, 2002